# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Bradley Eugene Stenson

20 CV 00687

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

CBS STUDIOS Inc., a Delware corporation, CBS CORPORATION, a Delaware Corporation.

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

**Do you want a jury trial?**

☒ Yes        ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

| NOTICE |
| --- |
| The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2. |

Rev. 3/24/17

## I.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Bradley          E          Stenson
First Name          Middle Initial          Last Name

307 East 109th street Apt. #7
Street Address

Manhattan, New York New York 10029
County, City          State          Zip Code

917 553 8442          bradleyestenson@gmail.com
Telephone Number          Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:          CBS STUDIOS INC.
Name

51 West 52nd street
Address where defendant may be served

Manhattan, New York New York 10019
County, City          State          Zip Code

Defendant 2:          CBS CORPORATION INC.
Name

51 west 52nd street
Address where defendant may be served

Manhattan, New York, New York 10019
County, City          State          Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                  State              Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

CBS "The Code," Eastern Effects Studios
Name

210 Douglass Street
Address

Kings, Brooklyn, New York      11217
County, City              State          Zip Code

## III.   CAUSE OF ACTION

### A.   Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☒ sex: gender and/or sexual orientation

☐ national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: ___1971___

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

The Civil Rights Act of 1991
The Sexual Orientation
                Non-Discrimination Act
                        ("SONDA")

## IV.   STATEMENT OF CLAIM

### A.   Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐ did not hire me

☒ terminated my employment

☐ did not promote me

☐ did not accommodate my disability

☐ provided me with terms and conditions of employment different from those of similar employees

☒ retaliated against me

☒ harassed me or created a hostile work environment

☐ other (specify): _____

_____

### B.   Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See attachment

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? **September 25th 2019**

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? **October 30th 2019**

When did you receive the Notice? **November 2nd 2019**

☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☒ direct the defendant to hire me

☒ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

**see attachment**

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_January 24 2020_
Dated

_Bradley_          _E._          _Stenson_
First Name          Middle Initial          Last Name

_307 East 109th Street Apt. #7_
Street Address

_Manhattan, New York,_          _New York_          _10029_
County, City                     State                Zip Code

_917 553 8442_          _bradleyestenson@gmail.com_
Telephone Number          Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☒ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **BRADLEY E. STENSON**, an individual, | **Case Number: _____CV_____** |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNTIVE RELIEF** |
| -against- | (1) Discrimination Based on Age |
| **CBS STUDIOS, INC.**, a Delaware corporation, and | (2) Discrimination Based on Gender and/or Sexual Orientation |
| **CBS CORPORATION,** a Delaware corporation, | (3) Hostile Work Environment and and Harassment |
| Defendants. | (4) Retaliation, Failure to Prevent Discrimination and Wrongful Termination in Violation of Public Policy |
| | **JURY TRIAL DEMANDED** |

---

Plaintiff Bradley E. Stenson ("Mr. Stenson" or ("Plaintiff")) files this Complaint for Damages and Injunctive Relief ("Complaint") against Defendants CBS Studios, Inc. ("CBS Studios"), and CBS Corporation ("CBS"), and alleges as follows:

## NATURE OF THE ACTION

1.     This action arises under Title VII of the Civil Rights Act of 1964 and 1991, as amended (Title VII); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq.

(ADEA), 29 U.S.C. §621 et seq., New York Executive Law §296 et seq., New York City Human Rights Law Administrative Code §8-107 et seq., the New York State Human Rights Law (NYSHRL), New York City Human Rights Law (NYCHRL) and Sex Orientation Non-Discrimination Act ("SONDA") based on Defendants' disparate treatment and improper and illegal retaliatory termination of Mr. Stenson.

2.     This action seeks compensatory and punitive damages, as well as costs and attorneys' fees, based on the discriminatory and retaliatory actions undertaken by Defendants in their discriminatory and disparate treatment and illegal retaliatory termination of Mr. Stenson based upon his age, gender and/or sexual orientation.  Including, without limitation subjected, Plaintiff to harassment, hostile work environment and wrongful termination.


**JURISDICTION**

3.     Jurisdiction over the federal claims is invoked pursuant to 28 U.S.C. §1331, in that these claims arise under the laws of the United States; and over the state law claims pursuant to the doctrine of pendant jurisdiction as codified in 28 U.S.C. §1367.  This action is timely filed within (90) days of issuance of a valid Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto marked as "Exhibit A" and by this reference incorporate herein is a true and correct copy of Mr. Stenson's letter dated October 30, 2019.

**VENUE**

4.      This action is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1), because both Defendants, CBS Corporation, and CBS Studios, Inc., maintain a principal place of business in New York, New York, because Defendants employed Plaintiff in this district, and because the events giving rise to the claims asserted herein occurred in this judicial district.

## PARTIES

5.      Mr. Stenson is an individual citizen of the United States of America, residing New York City, New York.  Plaintiff began working for Defendants on October 1, 2018, in the capacity of "Department Head Make-up Artist" for CBS's "The Code" in Kings (Brooklyn), New York.  Mr. Stenson was improperly terminated by Defendants on January 14, 2019.

6.      Defendant CBS Corporation is a Delaware corporation with its principal place of business in New York, New York.

7.      Defendant CBS Studios, Inc., is a Delaware corporation with its principal place of business in New York, New York.

## SUMMARY OF THE ACTION

8.      The essence of Mr. Stenson's claim is that Defendants treated him differently from other employees, discriminated against him because of his age, gender, and/or sexual orientation, failed to give him due process in a company HR investigation, manufactured a pretext for its termination of Mr. Stenson's employment, and terminated his employment when Mr. Stenson attempted to file an HR complaint about his disparate treatment. The actions of

Defendants throughout Mr. Stenson's employment with CBS contravenes, inter alia, Federal, City and State anti-discrimination statutes, as well as Defendants' own rules and regulations.

**GENERAL RELEVANT FACTS**

Plaintiff is a professional hair and makeup artist with I.A.T.S.E. Locals 476 & 798.

Plaintiff has been employed in this profession for twenty-four (24) years and has worked on numerous television, motion picture, and theater productions.

Plaintiff has been employed previously by Defendants on "Early Edition"(1996), "Chicago Hope" episode "Day of the Rope"(1996), the pilots of "Grapevine"(1999) and "Can Openers"(2009), as well as multiple episodes and Seasons of "Blue Bloods"(2010-2017), "Person of Interest"(2014-2016), "Instinct"(2017-2018), and "No Activity"(2018).

Plaintiff accepted an offer of employment on Defendants' production of "The Code" on May 25, 2018 via text message from Jane Raab (Co-Executive Producer CBS "The Code"). Plaintiff's salary was per local 798's contract. Plaintiff began work on October 1, 2018, on Defendants' production of "The Code" in the role of "Department Head Make-up Artist."

As Department Head Makeup Artist, Plaintiff was responsible for: (1) Design and application of Make-up for the show; (2) organizing the department; (3) breaking down the scripts and paperwork; (4) preparing for the shooting schedule; (5) coordinating with production staff so that all elements, including cast, extras and additional crew are ready at the beginning of each shoot day; (6) planning and scheduling accordingly from the production's preliminary call sheet for preparation of departments' needs for the following days; (7) supervising and giving direction to

4

the make-up artist and booking additional hires; (8) Communicate and inform the UPM (Unit Production Manger) and AD (Assistant Director) Department of any issues within the show and department.

Plaintiff worked on "The Code" for seven of the twelve scheduled episodes prior to his termination.

Plaintiff was hand delivered a letter of termination from Marlene Baez (Vice President CBS Human Resources (New York)) in the presence of Jane Raab (Co-Executive Producer CBS "The Code") on January 14, 2019, and terminated effective immediately.

Plaintiff was not made aware of the new and unexpected allegations made against him as reasons for termination prior to his termination, nor afforded the opportunity to provide any explanation or evidence to the contrary.

Plaintiff was advised he was no longer eligible to be hired on "The Code" or any other or future CBS production from CBS Television Studios.

In an attempt to settle this matter without filing this Complaint, on December 27, 2019, Plaintiff, by way of attorney Eric M. Nelson, sent a letter to Defendants via email and US mail to open discussion.

This letter was neither acknowledged nor responded to by Defendants. Nor was it returned to Mr. Nelson as undelivered.

**Allegation No. 1:   Defendants violated the Age Discrimination in Employment Act (the "ADEA"), Title VII of the Civil Rights Acts of 1967 ("Title VII"), the New York State**

5

Human Rights Law (NYSHRL), New York City Human Rights Law (NYCHRL) and the
Sexual Orientation Non-Discrimination Act ("SONDA")

\*\*\*\*\*Atmosphere of Bias Against Mature Employees\*\*\*\*\*

9.      Marlene Baez, Vice President Human Resources CBS (New York), was in charge
of Human Resources for CBS on the "The Code," and personally terminated Plaintiff.

10.     While acting as Director, Human Resources for CBS in 2012, Ms. Baez
represented herself as having a personal bias against mature individuals as evidenced by a post
on her Facebook page, a copy of which is attached hereto as "Exhibit B".  In her post, Ms. Baez
finds stereotypical humor at being on an airplane with "old people" feeling like she is in the
movie "Cocoon":

> "I feel like I am in the movie cocoon.  Leaving Florida now and the plane is full of
> cute old people. (smiley face emoji)".  Marlene Baez's Facebook friend, Alex Mejia
> replied, "They must be serving a lot of soft foods on that flight."

11.     Attached hereto, marked as "Exhibit B" and by this reference incorporate herein
is a true and correct copy of Ms. Baez's Facebook posting dated May 3, 2012.

12.     Both Ms. Baez's posting and the subsequent comment are offensive and her
failure to remove the posting and subsequent comment belies the sensitivity to ageism required
to act in any human resources capacity, much less as a Director of Human Resources, now Vice
President of Human Resources, for a prominent corporation.

13.     On several occasions during production of "The Code," Kristen Kiyan (Key
Make-up Artist- CBS "The Code") said to Plaintiff that he, Patricia Grande (Department Head

Hairstylist CBS "The Code"), Daisy Curbeon (Key Hairstylist- CBS "The Code"), were "old" and "old school".

14.     During and after his termination of employment on CBS's "The Code," Plaintiff noted the termination of several crewmembers on the same production were also over the age of 40.  These crewmembers are Irfan Akdag –Set Decoration Dept.-Assistant Set Decorator / Buyer; John Thomas – Cinematographer / Director of Photography; Patricia Grande – Department Head Hair Stylist; and Daisy Curbeon aka Daisy Curbean aka Daisy Curbeam –Key Hair Stylist.

15.     Each of these terminated employees, including Plaintiff, were replaced on "The Code" by younger employees.

**Allegation No. 2:**     **Defendants violated the Gender and/or Sexual Orientation Discrimination under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA").**

**\*\*\*\*Failure by Defendants to Provide a Work Environment Free from Harassment and Discrimination Based on Gender and/or Sexual Orientation\*\*\*\*\***

16.     To Plaintiff's knowledge, only Plaintiff and Desmond Abercrombie (Make-up Artist- CBS "The Code" Season 1) were openly gay men on the set of "The Code."

17.     On July 23, 2018, a **NO ANTI HARASSMENT & DISCRIMINATION TRAINING**, mandatory for ALL CREW was scheduled for staff working on "The Code."

When the show was pushed from July to October the training did not occur on July 23, 2018, and was not rescheduled.

18.     On October 18, 2018, CBS conducted a Go Purple On Spirit Day To Stand Against Bullying, Gay + Lesbian Alliance Against Defamation (GLAAD) Cast and Crew Photo Shoot.  The required crew photo caused Plaintiff to feel vulnerable and being made to appear in the photo created a lot of negative conversation among the cast and crew and on Instagram.

19.     In October 2018, Schavaria Reeves (sound mixer- CBS "The Code") yelled across a crowded crew lunch to Plaintiff, "BRAD, ARE YOU SICK?" intimating that Plaintiff had HIV/AIDS.

20.     Kristen Kiyan made several stereo typical remarks about gay males to Plaintiff, including that ALL gay men slept around regardless if you were married - "isn't that what you do?"

21.     Ms. Kiyan said to Plaintiff and others in the Hair & Make-up camper that "all tall and skinny guys have big you know what's….I know, I married one."

22.     Ms. Kiyan told Plaintiff "My husband's Muslim and doesn't like gay men."

23.     On November 20, 2018 – Daisy Curbeon aka Daisy Curbean, said to Plaintiff ((witnessed by Ms. Kiyan, Ms. Grande, Mr. Abercrombie, and Paulette Eklund- (Make-up Artist – CBS "The Code")) at a company lunch table, "Gay Mafia always looks after their own and were impossible to mess with."

24.    On November 21, 2018, Plaintiff spotted Ms. Kiyan's husband Ali hanging outside the door of the Hair and Make-up camper at wrap. Plaintiff invited Ali in the camper and wished both Ali and Ms. Kiyan a Happy Thanksgiving.

25.    On December 6, 2018, Mr. Stenson, was told by Patricia Grande at a company lunch that, per Daisy Curbeon, on November 21, 2018, Ms. Kiyan's husband, Ali, came to the Hair & Make-up camper that night to cause physical harm to Plaintiff. After this lunch, Plaintiff returned to the Hair and Make-up camper and found Ms. Kiyan at her make-up station and questioned Ms. Kiyan about the allegation her husband intended to harm him. Ms. Kiyan denied that ever being the case. She additionally expressed concern that if Plaintiff filed a report with Human Resources about Ms. Curbeon's assaults, they would all be fired.

26.    On December 13, 2018 Plaintiff received a text message on a chain with other crewmembers from ("The Code"). Veronica Heffron (Set Production Assistant 1st team "The Code") wrote: "ALL LADIES WEAR FESTIVE RED TOMORROW and red lipstick (lady in red dress and red lipstick emoji)". Crewmembers on text chain included, Veronica Heffron, Ms. Kiyan, Ms. Grande, Ms. Curbeon, Mackenzie Murray (Set Production 1st team Helper CBS "The Code") and Plaintiff. All persons on the text chain were female except Plaintiff.

27.    On the morning of January 14, 2019, prior to Plaintiff's termination, while sitting by the video monitors amongst a circle of crew, Nicole Capogna (Key Costumer CBS "The Code") said to Plaintiff and the group, "I wish we had an all-female crew."

28.    On January 14, 2019, Plaintiff ("Mr. Stenson"), and Desmond Abercrombie, we're fired from the same Department (Make-up) January 14, 2019, along with Patricia Grande (Department Head Hair Stylist- CBS's "The Code"). Only the Plaintiff and Mr. Abercrombie are

9

no longer eligible to be hired on any CBS productions.  Both Plaintiff and Mr. Abercrombie are gay men.

**Allegation No. 3:   Defendants violated Harassment and Hostile Work Environment under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA").**

*****Failure by Defendants to Remedy a Hostile Work Environment*****

29.     In November, 2018, while in the Hair & Make-up camper, and in front of witnesses Ms. Grande and Ms. Kiyan, Ms. Curbeon physically and completely unzipped Plaintiff's jacket wide open and said to Plaintiff, "I just unzipped your pants."

30.     On November 29, 2018, Plaintiff was physically assaulted by Daisy Curbeon aka Daisy Curbean on the set of "The Code." Ms. Curbeon poked Plaintiff hard in the chest several times and waved her hand vigorously in Plaintiff's face very close to his nose in a fast motion saying to Plaintiff that "[He] was a funny guy and that [he] should be a comedian.  That was [his] true calling…." She subsequently turned to Patricia Grande and pushed Ms. Grande so hard in her left shoulder she nearly knocked her to the ground. Ms. Curbeon repeated her physical assault again on Plaintiff with the same aggressive actions as before less than a couple of hours later and repeated what was said to him earlier.

31.     On November 30, 2018, shortly after midnight, Plaintiff spoke in person to Paul Cabbad (Unit Production Manager, CBS "The Code") about Ms. Curbeon's physical assault on

him and Patricia Grande in the early evening.  Paul Cabbad reported that he had never dealt with a HR Report and said he would contact CBS Legal (Los Angeles).

32.    On December 6, 2018, Plaintiff sat down with Paul Cabbad and had a discussion of how things where escalating for the worse in the hair and make-up department and with the crew. Mr. Cabbad assured Plaintiff that he would have the HR forms for Plaintiff later that day or the next.

33.    Also, on December 6, 2018, Plaintiff was told by Ms. Grande at a company lunch that, per Ms. Curbeon, on November 21, 2018, Ms. Kiyan's husband, Ali, came to the Hair & Make-up camper that night to cause physical harm to Plaintiff. After this lunch, Plaintiff returned to the Hair and Make-up camper and found Ms. Kiyan at her make-up station and questioned Ms. Kiyan about the allegation her husband intended to harm him.  Ms. Kiyan denied that ever being the case.   She additionally expressed concern that if Plaintiff filed a report with Human Resources about Ms. Curbeon's assaults, they would all be fired.  Ms. Kiyan explained that all she cared about was herself and having a job until March, so she can move her and her family to a new apartment and needed a job for application and credit.

34.    Prior to filing his assault complaint, on December 7, 2018, Plaintiff received a phone call from Tim Farrell, Vice President Human Resources CBS in Los Angeles wherein Mr. Farrell explained that he received a complaint against Plaintiff from Kristen Kiyan that was sent via e-mail that morning.  Mr. Farrell outlined false and ludicrous allegations bought against the Plaintiff in that the Plaintiff mistreated Ms. Kiyan, a coworker in the make-up department, and that Ms. Kiyan feared for her, her husband and child's lives, and alleged being bullied and

pressured to cooperate with Plaintiff's complaint against Ms. Curbeon.  Further, she expressed fear of being released from the production because she had a child.

35.    In the same conversation with Mr. Farrell, Plaintiff spoke briefly about his negative interactions with Ms. Kiyan and Ms. Curbeon.  Mr. Farrell, informed Plaintiff that two women would be coming to set in the coming week.  Marlene Baez, Vice President Human Resources CBS (New York), and Danya Ahmed, Assistant General Counsel Labor & employment Relations CBS, and not to fire Ms. Kiyan.

36.    On December 10, 2018, Patricia Grande delivered a letter to Ms. Curbeon and copied same via e-mail to Marlene Baez, Rosemarie Levy (I.A.T.S.E. Local 798 Business Agent), and Paul Cabbad on both January 12, 2019, and one (1) week prior.  The email of January 12, 2019, to these three individuals was to confirm that their receipt of same Ms. Grande had sent to them one week prior.  The letter, a copy of which is attached hereto as "Exhibit C," outlined Ms. Curbeon's bad behavior on the set of "The Code," thereby making upper management and Human Resources aware of the stressful and unprofessional work environment. The letter further identified the two assaults on the Plaintiff as witnessed by Ms. Grande.

37. Attached hereto, marked as "Exhibit C" and by this reference incorporate herein is a true and correct copy of Ms. Grande's email dated January 12, 2019.

38.    On December 13, 2018, Plaintiff first saw and met with Marlene Baez, Vice President CBS Human Resources (New York) and Danya Ahmed, Assistant General Counsel Labor & Employment Relations CBS.  Plaintiff informed Ms. Baez and Ms. Ahmed of the assaults on his person and the deteriorating work environment on the set of "The Code."  This would have been an opportunity for Ms. Baez and Ms. Ahmed to discuss any allegations against

Plaintiff, at that time unknown to Plaintiff, and for which Plaintiff was to be subsequently terminated; however, there was no discussion of allegations made against Plaintiff, only a conversation regarding the state of affairs on the set of "The Code." Plaintiff attempted to provide Ms. Baez with a written complaint (attached as Exhibit D), which she refused. This meeting was called short due to a two (2) hour drive Ms. Baez had ahead of herself.

39. Attached hereto, marked as "Exhibit D" and by this reference incorporate herein is a true and correct copy of Mr. Stenson's hand-written HR complaint dated December 7, 2018.

40.     Despite the previous reporting by Plaintiff of Ms. Curbeon's assaults on him to both Mr. Cabbad and Mr. Farrell, and the reporting of said assaults to Ms. Baez and Ms. Ahmed, Ms. Curbeon remained employed on "The Code" after the December 13, 2018, visit to set by Ms. Baez and Ms. Ahmed.

41.     On December 17, 2018 both Plaintiff and Ms. Grande spoke to I.A.T.S.E. Local 798 Business Agent Rosemarie Levy about pursuing a restraining order against Ms. Curbeon.

42.     On January 10, 2019 at 2:42 p.m., Plaintiff sent an email to Ms. Baez, with the subject heading, "URGENT". In this email, attached as "Exhibit E," Plaintiff requested a phone call from Ms. Baez to discuss the escalating condition on set, his discomfort at what he deemed "is now becoming a[n] extreme hostile work environment," a feeling of discrimination at being the only male artist within the hair and make-up camper and his fear of retaliation. Plaintiff's email further reiterates that despite Ms. Baez and "The Code" management team being made aware of the environment on set the behavior continues "even with more toxicity without any follow-up or resolution from anybody."

43.     Attached hereto, marked as "Exhibit E" and by this reference incorporate herein is a true and correct copy of Mr. Stenson's email dated January 10, 2019.

44.     On January 10, 2019, at 6:15 p.m., Ms. Baez responded via email advising Plaintiff that production would attempt to keep Plaintiff and Ms. Kiyan separated and that the investigation would soon be completed and she would "be back in touch shortly to discuss the results with you."

45.     On January 14, 2019, Plaintiff was hand delivered a letter of termination from Ms. Baez in the presence of Jane Raab and terminated effective immediately.

46.     Plaintiff was not made aware of the new and unexpected allegations made against him as reasons for his termination prior to his termination, nor afforded the opportunity to provide any explanation or evidence to the contrary.

47.     Plaintiff was advised he was no longer eligible to be hired on "The Code" or any other or future CBS production from CBS Television Studios.


**Allegation No. 4:     Defendants violated SEC. 2000e-3 [Section 704(a)] Prohibiting Retaliation under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and Sex Orientation Non-Discrimination Act ("SONDA").**

*******Failure by Defendants to Perform a Complete and Proper Investigation into Allegations as Cause for Termination Prior to Plaintiff's Termination*****

14

48.    Plaintiff was hand delivered a letter of termination from Ms. Baez in the presence of Ms. Raab on January 14, 2019, and terminated effective immediately.  The termination was based on Defendants' belief that among other things, Plaintiff had violated Defendants' company policy.

49.    Plaintiff had not been provided with any such policy during his employment on "The Code."

50.    Plaintiff was not made aware of the new and unexpected allegations made against him as reasons for termination prior to his termination, nor afforded the opportunity to provide any explanation or evidence to the contrary.

51.    Defendants failed to maintain the confidentiality of the investigation.  On December 13, 2018, and during Plaintiff's meeting with Ms, Baez and Ms. Ahmed, a text message was circulating on the set of an image of open flamed grill with meat on it. This image was accompanied with the questions, "How is everyone being? Was Bradley grilled?"

52.    Defendants failed to accept the handwritten complaint Plaintiff attempted to provide ((Exhibit D), Plaintiff's complaint to HR), and failed act on emails they received from Plaintiff, as well as Ms. Grande, see Exhibits E (Urgent email) and F (January 10 email), wherein Ms. Grande identifies the assaults she witnessed on the Plaintiff, as well as evidence of Kristen Kiyan being the aggressor in disputes with Plaintiff.  Ms. Kiyan's aggressive behavior runs contrary to her previous complaint to Mr. Farrell that she was "afraid for her life."

53.    Attached hereto, marked as "Exhibit F" and by this reference incorporate herein is a true and correct copy of Ms. Grande's email dated January 10, 2019.

54.     Proper investigation by Defendants into the allegations made by and against the Plaintiff would have identified Ms. Kiyan and Ms. Curbeon, as well as other employees of "The Code," as violating Defendants' policies.

55.     At the time of, and following Plaintiff's termination, both Ms. Kiyan and Ms. Curbeon were still employed on "The Code."

**\*\*\*\*\*Retaliatory Termination\*\*\*\*\*\***

56.     Plaintiff attempted by different avenues to inform Defendants of the conditions outlined in the above paragraphs and Mr. Stenson's concerns were not addressed properly or timely by Defendants.

57.     Plaintiff asserts that his termination was a result of his complaints to Defendants of the working conditions on the set of "The Code," and that the "official" reasons cited by Defendants for his termination were false and a pretext for their retaliatory termination.

## FIRST CAUSE OF ACTION

**Gender and/or Sexual Orientation Discrimination under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII")**

(Against All Defendants "CBS")

58.     Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs "1" though "57" above as though fully set forth herein.

59.     Mr. Stenson is a member of a protected class under Title VII.

16

60.    Title VII prohibits workplace discrimination, adverse employment decisions and disparate treatment on the basis of gender and/or sexual orientation.

61.    Plaintiff was treated in a disparate manner despite his high and well recognized level of job performance.

62.    By the acts described above and herein, including the imposition of a hostile work environment and the denial of due process in a HR investigation, CBS discriminated against Mr. Stenson in the terms and conditions of his employment on the basis of his gender and/or sexual orientation, in violation of Title VII.

63.    Defendant has discriminated against Plaintiff on the basis of his gender in violation under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment.

64.    Defendant has discriminated against Plaintiff on the basis of his gender in violation under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), by denying him the opportunity to work in an employment setting free of unlawful discrimination.

65.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

66.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), Plaintiff has

suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, inconvenience, pain and suffering, for which he is entitled to an award of monetary damages and other relief.

67. Defendant's unlawful and discriminatory actions were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under ("Title VII") of the Civil Rights Acts of 1964 and 1991 ("Title VII"), for which Plaintiff is entitled to an award of punitive damages.

68. An award for reasonable attorneys' fees pursuant to 42 U.S.C. §2000e-5 (k) of ("Title VII"), and punitive damages, as will effectuate the purpose of ("Title VII"), together with all such other and further relief as the Court deems just and proper; and

69. An award for such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION

**Age Discrimination in Employment Act (the "ADEA"), Title VII of the Civil Rights Acts of 1967 ("Title VII")**

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

(Against All Defendants "CBS")

70. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs "1" though "69" above as though fully set forth herein.

71.    Mr. Stenson is a member of a protected class under "Title VII", the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 631 et seq. Mr. Stenson is above (40) forty years of age.

72.    By the conduct described above, CBS has engaged in discrimination against Mr. Stenson because of his age and subjected his age-based animosity.

73.    Such discrimination was based upon Mr. Stenson's age because he would not have been the object of discrimination but for the facts that Mr. Stenson is above (40) forty years of age.

74.    CBS's conduct complained of herein was willful and in disregard of Mr. Stenson's protected rights.  CBS and its supervisory personnel were aware that discrimination on the basis of age was unlawful but acted in reckless disregard of the law.

75.    CBS's HR and CBS corporate management retained the above-referenced employees who exhibited the discriminatory conduct toward Mr. Stenson and did so despite the knowledge of said employees engaging in discriminatory actions.

76.    The conduct of CBS, by and through the conduct of its agents, employees, and/or representatives, and CBS's failure to make prompt remedial to prevent continued discrimination against Mr. Stenson, violates the provisions of the Age Discrimination In Employment Act ("ADEA"), as amended, 28 U.S.C. 5 621, et seq.

77.    CBS's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard for Mr. Stenson

19

78.     Require CBS to reinstate Mr. Stenson to the position at the rate of pay with the full benefits he would have had he not been discriminated against

79.     Defendant has discriminated against Plaintiff on the basis of his gender in violation under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), by denying him the opportunity to work in an employment setting free of unlawful discrimination.

80.     Defendant has discriminated against Plaintiff on the basis of his gender in violation under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment.

81.     As set forth above, Defendants discriminated against Mr. Stenson because of his age.  Defendants engaged in illegal, intentional discrimination on the basis of age, by creating a hostile work environment based on age and by terminating Mr. Stenson.

82.     As a direct, legal and proximate result of the discrimination, Mr. Stenson has suffered damages, including emotional distress, lost wages and other economic damages, in an amount to be proven at trial.

83.     Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Stenson, from an improper motive amounting to malice, and in conscious disregard of the rights of Mr. Stenson.  He is thus entitled to recover punitive damages from Defendant in an amount according to proof.

84.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), Plaintiff has

suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

85.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, inconvenience, pain and suffering, for which he is entitled to an award of monetary damages and other relief.

86.     Defendant's unlawful and discriminatory actions were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), for which Plaintiff is entitled to an award of punitive damages; and

87.     An award such other and further relief as may be just and proper, and requests that the Court retain jurisdiction over this action until CBS has fully complied with the Orders of this Court and that the Court require CBS to file such reports as may be necessary to supervise such compliance.

88.     Plaintiff seeks relief available for such misconduct includes not merely all actual losses suffered by the aggrieved employee, but compensatory and punitive damages, back and front pay, liquidated damages (including the doubling of back pay), attorneys' fees, expert witness fees and appropriate declaratory, injunctive and other relief, as well.

89.     An award for reasonable attorneys' fees pursuant to 42 U.S.C. §621 1988, the Civil Rights Attorneys Fee Award Act of ("Title VII"), and punitive damages, as will effectuate

21

the purpose of ("Title VII"), together with all such other and further relief as the Court deems just and proper; and

90.     An award for such other and further relief as may be just and proper.

### THIRD CAUSE OF ACTION

**Harassment and/or Hostile Work Environment in Violation under Title VII of the Civil Rights Acts of 1967 ("Title VII"), the New York State Human Rights Law**

**42 U.S. Code § 2000e-2 – Unlawful employment practices**

(Against All Defendants "CBS")

91.     Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs "1" though "90" above as though fully set forth herein.

92.     At all times herein mentioned, Defendants where in violation of their own company policy as well under title ("Title VII").  Defendants' own rules and regulations, was in full force and effect and was binding on defendants.  Defendants fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

93.     Defendant has discriminated against Plaintiff on the basis of his age, gender and/or sexual orientation in violation of Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment and terminating Plaintiff.

94.   During the course of plaintiff's employment, Defendants failed to prevent their employees engaging in intentional actions that resulted in Plaintiff's treated less favorably because of his age, gender and/or sexual orientation.

95.   Defendants failed to prevent their employees from engaging in unjustified employment practices against employees.

96.   As set forth above, during the course of plaintiff's employment, Defendants failed to prevent a pattern and practice by their employees of illegal, intentional discrimination and harassment by creating a hostile work environment and by terminating Plaintiff, on the bases of age, gender and/or sexual orientation.

97.   Plaintiff believes and on that basis alleges that age, gender and/or sexual orientation, was a substantial motivating factors in Defendants' employees' discrimination against him.

98.   As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earning and other employment benefits.

99.   As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, inconvenience, emotional distress, and physical and mental pain and anguish, all to his damage in sum according to proof.

100.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to, in violation under Title VII of the Civil Rights Acts of 1964 and 1991 ("Title VII"), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expect costs) in an amount according to proof.

101.   Defendants committed the acts herein despicably, maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and motive amounting to malice, and in conscious disregard of the rights of Mr. Stenson.  Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

102.   An award for such other and further relief as may be just and proper.

## FOUTH CAUSE OF ACTION

**Retaliation and Wrongful Termination in Violation under Title VII of the Civil Rights Acts of 1967 ("Title VII"), in Violation under Title VII of the Civil Rights Acts of 1967 ("Title VII")**

## VIOLATION OF SECTION 704(a) OF THE CIVIL RIGHTS ACT OF 1964

## PROHIBITING RETALIATION

(Against All Defendants "CBS")

103.   Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs "1" though "102" above as though fully set forth herein.

104.   Mr. Stenson is a member of a protected class under Title VII.

105.   Title VII prohibits work place discrimination in the form of retaliation.

106.   Despite the fact that Plaintiff had enjoyed a well-deserved positive reputation for his performance, without incidents with CBS.

107.   Mr. Stenson's previous efforts to report discriminations and hostel work environment to the attention of CBS HR, at both Los Angeles and corporate offices were dismissed.  There was no change in the hostile work environment at CBS's "The Code".

108.   The explanation for Mr. Stenson's terminating was a ruse.  Mr. Stenson was in retaliation for attempting to report a complaint to HR.

109.   The discharge of an employee in violation under Title VII of the Civil Rights Acts of 1967 ("Title VII"), contravenes those laws and those laws and policies underlying them, and gives rise to a common law action for wrongful termination.

110.   Defendants failed to prevent their employees from engaging in unjustified employment practices against employees. In violative of Defendants' own company's rules and regulations.

111.   As a direct and proximate result of Defendants' termination of Plaintiff and no longer eligible to employ, as alleged above, Plaintiff has been harmed.

112.   Plaintiff has suffered the loss of, inter alia, his substantial (contractual income/ salary) and benefits that he would have received had he not been terminated.  As a result of such illegal conduct, Plaintiff has suffered such damages in an amount according to proof at trial.

113.   As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered a loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, inconvenience, mental and emotional pain and distress.

114.   Defendants committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from improper motive amounting to malice, and in

conscious disregard of his rights.  Thus, Plaintiff is entitled to recover punitive damages from Defendants

115.    By the actions described above, among others, Defendant violated, including under (" Title VII"), in that they unlawfully retaliated against Plaintiff for his engagement in protected activities and his opposition to Defendant's unlawful conduct in violation of ("Title VII"), including, inter alia, by engaging in conduct reasonably likely to dissuade and/or deter Plaintiff and others from engaging in protected acts.

116.    The conduct of CBS, by and through the conduct of its agents, employee, and/or representatives, and CBS's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, violates provisions of the Plaintiffs' employment with CBS contravenes, inter alia under "Title VII"), as well as Defendants' own rules and regulations.

117.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of ("Title VII"), Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

118.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of ("Title VII"), Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, inconvenience, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

119.    Defendant's unlawful and retaliatory actions were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's right under ("Title VII"), for which Plaintiff is entitled to an award of punitive.

120.    An award for the cost of the suit, including an award of attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act; and

121.    An award such other and further relief as may be just and proper.

### FIFTH CAUSE OF ACTION

**Disparate Treatment and Discrimination under New York State, City Statutes and "SONDA" as to Defendants CBS) gender / sexual orientation**

(Against All Defendants "CBS")

122.    Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs "1" though "121" above as though fully set forth herein.

123.    Both the New York Executive Law and the New York City Administrative Code prohibits workplace discrimination, adverse employment decisions, and disparate treatment on the basis of gender and/or sexual orientation.

124.    The New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), by denying him the opportunity to work in an employment setting free of unlawful discrimination.

125.    The New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), prohibits workplace discrimination, adverse employment decisions and disparate treatment on the basis of gender and/or sexual orientation.

126.    Plaintiff was treated in a disparate manner despite his high and well recognized level of job performance.

127.    By the acts described above and herein, including the imposition of a hostile work environment and the denial of due process in a HR investigation, CBS discriminated against Mr. Stenson in the terms and conditions of his employment on the basis of his gender and/or sexual orientation, in violation of the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA").

128.    Defendant has discriminated against Plaintiff on the basis of his gender in violation under the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment.

129.    Defendant has discriminated against Plaintiff on the basis of his gender in violation under the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), by denying him the opportunity to work in an employment setting free of unlawful discrimination.

130.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation under the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act

("SONDA"), Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

131.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation under the New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL") and particularly its Sex Orientation Non-Discrimination Act ("SONDA"), Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, pain and suffering, for which he is entitled to an award of monetary damages and other relief.

132.    Defendant's unlawful and discriminatory actions were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), for which Plaintiff is entitled to an award of punitive damages.

133.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation under the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, inconvenience, pain and suffering, for which he is entitled to an award of monetary damages and other relief.

134.    Defendant's unlawful and discriminatory actions were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights

29

Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), for which Plaintiff is entitled to an award of punitive damages.

135.    An award for reasonable attorneys' and punitive damages, as will effectuate the purpose of the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), together with all such other and further relief as the Court deems just and proper; and

136.    An award for such other and further relief as may be just and proper.

### SIXTH CAUSE OF ACTION

**Age Discrimination under the New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL"))**

(Against All Defendants "CBS")

137.    Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs "1" to "136" above as though fully set forth herein.

the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA").

138.    By the conduct described above, CBS has engaged in discrimination against Mr. Stenson because of his age and subjected his age-based animosity.

139.    Such discrimination was based upon Mr. Stenson's age because he would not have been the object of discrimination but for the facts that Mr. Stenson is above, (40) forty years of age.

140.    CBS's conduct complained of herein was willful and in disregard of Mr. Stenson's protected rights. CBS and its supervisory personnel were aware that discrimination on the basis of age was unlawful but acted in reckless disregard of the law.

141.    CBS's HR and CBS corporate management retained the above-referenced employees who exhibited the discriminatory conduct toward Mr. Stenson and did so despite the knowledge of said employees engaging in discriminatory actions.

142.    The conduct of CBS, by and through the conduct of its agents, employees, and/or representatives, and CBS's failure to make prompt remedial to prevent continued discrimination against Mr. Stenson, violates the provisions of the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA").

143.    CBS's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard for Mr. Stenson.

144.    Require CBS to reinstate Mr. Stenson to the position at the rate of pay with the full benefits he would have had he not been discriminated against.

145.    Defendant has discriminated against Plaintiff on the basis of his gender in violation of the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), by denying him the opportunity to work in an employment setting free of unlawful discrimination.

146.    Defendant has discriminated against Plaintiff on the basis of his gender in violation of the New York State Human Rights Law (the "NYSHRL"), New York City Human

31

Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment.

147.    As set forth above, Defendants discriminated against Mr. Stenson because of his age. Defendants engaged in illegal, intentional discrimination on the basis of age, by creating a hostile work environment based on age and by terminating Mr. Stenson.

148.    As a direct, legal and proximate result of the discrimination, Mr. Stenson has suffered damages, inconvenience, including emotional distress, lost wages and other economic damages, in an amount to be proven at trial.

149.    Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Mr. Stenson, from an improper motive amounting to malice, and in conscious disregard of the rights of Mr. Stenson. He is thus entitled to recover punitive damages from Defendant in an amount according to proof.

150.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

151.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional

distress, including, but not limited to, depression, humiliation, inconvenience, pain and suffering, for which he is entitled to an award of monetary damages and other relief.

152.    Defendant's unlawful and discriminatory actions were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights of the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), for which Plaintiff is entitled to an award of punitive damages.

153.    An award for such other and further relief as may be just and proper, and requests that the Court retain jurisdiction over this action until CBS has fully complied with the Orders of this Court and that the Court require CBS to file such reports as may be necessary to supervise such compliance.

154.    Plaintiff seeks relief available for such misconduct includes not merely all actual losses suffered by the aggrieved employee, but compensatory and punitive damages, back and front pay, liquidated damages (including the doubling of back pay), attorneys' fees, expert witness fees and appropriate declaratory, injunctive and other relief, as well.

155.    The NYCHRL in particular is notable for its absence for its absence of any 'cap' on recoverable damages in such circumstances, exposing both offending employers and involved individuals personally to potentially unlimited liability for their misconduct, especially that deemed to have been deliberately and intentionally violative thereof.

## SEVENTH CAUSE OF ACTION

Harassment and Hostile Work Environment in Violation under the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA")

### Unlawful employment practices

### (Against All Defendants CBS)

156.    Plaintiff hereby repeats, reiterates and realleges "1" though "155" each and every allegation set forth in the preceding paragraphs above as though fully set forth herein.

157.    At all times herein mentioned, Defendants where in violation of their own company policy as well, Federal, City, and State anti discrimination statutes and regulations (and particularly its Sexual Orientation Non-Discrimination Act ("SONDA")), as well as Defendants' own rules and regulations, was in full force and effect and was binding on defendants. Defendants fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

158.    Defendant has discriminated against Plaintiff on the basis of his age, gender and/or sexual orientation in violation of the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sex Orientation Non-Discrimination Act ("SONDA"), by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment and terminating Plaintiff.

159.    During the course of plaintiff's employment, Defendants failed to prevent their employees engaging in intentional actions that resulted in Plaintiff's treated less favorably because of his age, gender and/or sexual orientation.

160.   Defendants failed to prevent their employees from engaging in unjustified employment practices against employees.

161.   As set forth above, during the course of plaintiff's employment, Defendants failed to prevent a pattern and practice by their employees of illegal, intentional discrimination and harassment by creating a hostile work environment and by terminating Plaintiff, on the bases of age, gender and/or sexual orientation.

162.   Plaintiff believes and on that basis alleges that age, gender and/or sexual orientation, was a substantial motivating factors in Defendants' employees' discrimination against him.

163.   As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earning and other employment benefits.

164.   As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, inconvenience, emotional distress, and physical and mental pain and anguish, all to his damage in sum according to proof.

165.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to, in violation of the New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA"), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expect costs) in an amount according to proof.

166.    Defendants committed the acts herein despicably, maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and motive amounting to malice, and in conscious disregard of the rights of Mr. Stenson.  Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

167.    An award for such other and further relief as may be just and proper.

## EIGHT CAUSE OF ACTION

**(Retaliation and Wrongful Termination in Violation of the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA")**

(Against All Defendants "CBS")

168.    Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs "1" though "167" above as though fully set forth herein.

169.    Mr. Stenson is a member of a protected class under the New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA").

170.    The New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA"), prohibits work place discrimination in the form of retaliation.

171.    Despite the fact that Plaintiff had enjoyed a well-deserved positive reputation for this performance in his 23-year relationship with CBS, without incident.

172.    Mr. Stenson's previous efforts to report discriminations and hostel work environment to the attention of CBS HR, at both Los Angeles and corporate offices were dismissed.  There was no change in the hostile work environment at CBS's "The Code".

173.    The explanation for Mr. Stenson's terminating was a ruse.  Mr. Stenson was in retaliation for attempting to report a complaint to HR.

174.    The discharge of an employee in violation under the New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA").

175.    The New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA"), contravenes those laws and those laws and policies underlying them, and gives rise to a common law action for wrongful termination.

176.    Defendants failed to prevent their employees from engaging in unjustified employment practices against employees. In violative of Defendants' own company's rules and regulations.

177.    As a direct and proximate result of Defendants' termination of Plaintiff and no longer eligible to employ, as alleged above, Plaintiff has been harmed.

178.    Plaintiff has suffered the loss of, inter alia, his substantial (contractual income/ salary) and benefits that he would have received had he not been terminated.  As a result of such illegal conduct, Plaintiff has suffered such damages in an amount according to proof at trial.

179. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered a loss of financial stability, peace of mind and future security, and has suffered embarrassment, humiliation, inconvenience, mental and emotional pain and distress.

180. Defendants committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from evil and improper motive amounting to malice, and in conscious disregard of his rights. Thus, Plaintiff is entitled to recover punitive damages from Defendants.

181. By the actions described above, among others, Defendant violated, including under the New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA"), in that they unlawfully retaliated against Plaintiff for his engagement in protected activities and his opposition to Defendant's unlawful conduct in violation of the New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA"), including, inter alia, by engaging in conduct reasonably likely to dissuade and/or deter Plaintiff and others from engaging in protected acts.

182. The conduct of CBS, by and through the conduct of its agents, employee, and/or representatives, and CBS's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, violates provisions of the Plaintiffs' employment with CBS contravenes, inter alia under the New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA"), as well as Defendants' own rules and regulations.

183.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA"), Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

184.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA").

185.    Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, inconvenience, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

186.    Defendant's unlawful and retaliatory actions were intentional, done with malice, and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's right under ("Title VII"), for which Plaintiff is entitled to an award of punitive.

187.    An award for the cost of the suit, including an award of attorney's fees pursuant to the New York State Human Rights Law (the "NYSHRL") and New York City Human Rights Law (the "NYCHRL") and the Sexual Orientation Non-Discrimination Act ("SONDA"); and

188.    An award such other and further relief as may be just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the allegations and facts truthfully set forth above, Plaintiff prays that the Court enter judgment in his favor and against the Defendants; as a direct and immediate result of the above actions taken discriminatorily against the Plaintiff. Plaintiff prays the Court grants the following relief:

A.   A declaratory judgment that the actions, conduct and practices of Defendants described herein violate the laws under Title VII, the NYSHRL, the NYCHRL and the Sex Orientation Non-Discrimination Act ("SONDA");

B.   An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

C.   An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish and emotional distress, future medical expenses, embarrassment, inconvenience, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and any other mental injuries including long term pain and suffering;

D.   An award of damages to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment;

E.   An award for future loss of earnings, bonuses and benefits, in spite of an attempt at mitigating damages, in an amount to be determined by the jury at trial if this matter;

F.   An award of exemplary, and punitive damages in a sum sufficient to deter Defendants' conduct;

G.      An award for injunctive relief requiring Plaintiff's reinstatement to a comparable position including experience, knowledge, salary and expertise;

H.      An award of costs that Plaintiff has incurred in the action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law;

I.      An award as a direct result of the ongoing disparate and discriminatory treatment to which Plaintiff was subjected, Plaintiff has suffered injury and requests a judgment for damages, including front and back pay, loss of unvested deferred compensation, damage to reputation and other reasonable consequential damages in an amount to be determined at trail, but in no event less than ($5,000,000.00); punitive damages; the costs and disbursements of this action, including reasonable attorneys' fees; all relevant interest, and any such further relief to Plaintiff as this court deems just and proper;

J.      An award for costs of suit incurred herein; and

K.      An award for such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

189.    Plaintiff hereby demands a trail by jury.

**WHEREFORE**, Plaintiff Bradley E. Stenson respectfully demands judgment against Defendants based on the causes of action and factual statements truthfully alleged herein and as set forth herein, together with such other and further relief as this Court shall deem just and proper.

41

Plaintiff, requests leave to amend the foregoing Complaint at a later date to more adequately reflect material and significant facts regarding the above mentioned allegations which are related to an ongoing investigation connected to such allegations, the results of which may carry significant weight on the Court.


**Dated**: New York, New York

January 24, 2020

Bradley E. Stenson

307 East 109th Street Apt. 7

New York, New York  10029

(917) 553-8442

42



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800) 669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Re:   **EEOC Charge No. 520-2019-05080   v.   CBS**

Dear Charging Party,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated and retaliated against, in violation of the Title VII of the Civil Rights Act of 1964, as amended.

Based on an analysis of the evidence submitted, the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of these charges has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charges **within 90 days** of receipt of said notice. Otherwise, your right to sue will be lost.

Please contact Federal Investigator Christiana R. Doriety at Christiana.Doriety@eeoc.gov if you have any questions.


Sincerely,

__Christiana R. Doriety__      for                    _____
Federal Investigator                                  Date

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Bradley Stenson
    307 East 109TH ST.  APT 7
    Nyc, NY 10029

From:  New York District Office
    33 Whitehall Street
    5th Floor
    New York, NY 10004

☐    On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2019-05080 | Christiana R. Doriety, Investigator | (917) 410-4022 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Kevin J. Berry,
District Director

10/30/19
(Date Mailed)

cc:

**CBS**
**51 West 52nd street**
**Nyc, NY 10019**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2019-05080 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Bradley Stenson | (917) 553-8442 | 1971 |

| Street Address | City, State and ZIP Code |
|---|---|
| 307 East 109TH ST. APT 7, NYC, NY 10029 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CBS | | (212) 975-4321 |

| Street Address | City, State and ZIP Code |
|---|---|
| 51 West 52nd street, NYC, NY 10019 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON: *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-14-2019   Latest: 01-14-2019

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a homosexual male who is over 40 years old, and I was employed, as a 'Department Head Make-Up Artist', for the above-named entity since October 16, 2014. I was terminated on January 14, 2019.

I allege Respondent subjected me to sex-orientation and age discrimination when I was terminated over an incident that took place back in November of 2018. Specifically, my former Production Manager and Human Resources did not do enough to report my complaint about the assault that had to do with my sexual orientation because derogatory references were made and there were mentions of my being 'old' at the workplace.

Based on the above, I believe I was discriminated and retaliated against, in violation of Title VII of the Civil Rights Acts of 1964, as amended ('Title VII'), and in violation of the Age Discrimination in Employment Act of 1967, as amended ('ADEA').

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Bradley Stenson on 09-25-2019 01:04 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   FORM NUMBER/TITLE/DATE.  EEOC Form 5, Charge of Discrimination (11/09).

2.   AUTHORITY.  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   PRINCIPAL PURPOSES.  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   ROUTINE USES.  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

## FACTS ABOUT FILING AN EMPLOYMENT DISCRIMINATION SUIT
## IN FEDERAL COURT IN NEW YORK STATE

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide whether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions about filing a private lawsuit.

### WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge. The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. However, you should contact the court directly if you have questions where to file your lawsuit. New York State has four federal districts:

- The United States District Court for the Southern District of New York is located at 500 Pearl Street in Manhattan. It covers the counties of Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan, and Westchester. (212) 805-0136 http://www.nysd.uscourts.gov

- The United States District Court for the Eastern District of New York is located at 225 Cadman Plaza in Brooklyn and covers the counties of Kings (Brooklyn), Nassau, Queens, Richmond (Staten Island), and Suffolk. (718) 613-2600 http://www.nyed.uscourts.gov

- The United States District Court for the Western District of New York is located at 68 Court Street in Buffalo. It covers the counties of Allegheny, Cattaraugus, Chautauqua, Chemung, Erie, Genesee, Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates. (716) 551-4211 http://www.nywd.uscourts.gov

- The United States District Court for the Northern District of New York is located at 100 South Clinton Street in Syracuse and covers the counties of Albany, Broome, Cayuga, Chanango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneida, Onandaga, Oswego, Otsego, Rensselaer, St. Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Ulster, Warren, and Washington. This District Court's pro Se Attorney has offices at 10 Broad Street in Utica New York. (315) 234-8500 http://www.nynd.uscourts.gov

### WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit must be filed in U.S. District Court within 90 days of the date you receive the enclosed EEOC Notice of Right to Sue. Otherwise, you will have lost your right to sue.

(Over)

### DO I NEED A LAWYER?

No, you do not need a lawyer to file a private suit. You may file a complaint in federal court without a lawyer which is called a pro se complaint. Every district court has either a clerk or staff attorney who can assist you in filing pro se. To find out how to file a pro se complaint, contact the clerk of the court having jurisdiction over your case who can advise you of the appropriate person to assist you and of the procedures to follow, which may vary from district to district.

You may, however, wish to retain a lawyer if you choose. Whether you retain a private attorney, or file pro se, you must file your suit in the appropriate court within 90 days of receiving this mailing.

### WHAT IF I WANT A LAWYER BUT I CAN'T AFFORD ONE?

If you can't afford a lawyer, the U.S. District Court which has jurisdiction may assist you in obtaining a lawyer. You must file papers with the court requesting the appointment of counsel. You should consult with the office of the district court that assists pro se complainants for specific instructions on how to seek counsel. The appointment of counsel in any pro se complaint is always at the discretion of the court.

Generally, the U.S. District Court charges a $350.00 filing fee to commence a lawsuit. However, the court may waive the filing fee if you cannot afford to pay it. You should ask the office of the District Court that assists pro se complainants for information concerning the necessary procedure to request that the filing fee be waived.

### HOW CAN I FIND A LAWYER?

These are several attorney referral services operated by bar or other attorney organizations which may assist you in finding a lawyer and ascertaining and asserting your legal rights:

American Bar Association
(800) 285-2221   www.abanet.org

New York State Bar Association
(800) 342-3661 www.nysba.org

New York City Bar Association
Legal Referral Service
(212) 626-7373

National Employment Lawyers Association
Referral Service (212) 819-9450
http://www.nelany.com/EN

Other local Bar Associations in your area may also be of assistance.

### HOW LONG WILL THE EEOC RETAIN MY CASE FILE?

Generally, the Commission's rules call for your charge file to be destroyed 2 years from the date of a determination, but time frames may vary. If you file suit and wish to request a copy of your investigative file, you or your attorney should make the request in writing as soon as possible. If you file suit, you or your attorney should also notify this office when the lawsuit is resolved.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2019-05080 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**Mr. Bradley  Stenson** | Home Phone<br>**(917) 553-8442** | Year of Birth<br>**1971** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **307 East 109TH ST.  APT 7,  NYC, NY 10029** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name<br>**CBS** | No. Employees, Members | Phone No.<br>**(212) 975-4321** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **51 West 52nd street,  NYC,  NY 10019** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

| | | Earliest | Latest |
|---|---|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | | 01-14-2019 | 01-14-2019 |
| ☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | | | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION | | |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I am a homosexual male who is over 40 years old, and I was employed, as a 'Department Head Make-Up Artist', for the above-named entity since October 16, 2014. I was terminated on January 14, 2019.

I allege Respondent subjected me to sex-orientation and age discrimination when I was terminated over an incident that took place back in November of 2018. Specifically, my former Production Manager and Human Resources did not do enough to report my complaint about the assault that had to do with my sexual orientation because derogatory references were made and there were mentions of my being 'old' at the workplace.

Based on the above, I believe I was discriminated and retaliated against, in violation of Title VII of the Civil Rights Acts of 1964, as amended ('Title VII'), and in violation of the Age Discrimination in Employment Act of 1967, as amended ('ADEA').

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Bradley Stenson on 09-25-2019 01:04 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DISMISSAL AND NOTICE OF RIGHTS    EXHIBIT A

1/1

| To | | From |
|---|---|---|
| Bradley Stenson<br>307 East 109TH ST.  APT 7<br>Nyc, NY 10029 | | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐       On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No

EEOC Representative

520-2019-05080      Christiana R. Doriety,
Investigator

Telephone No

(917) 410-4022

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination. Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice, or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

10/30/19
(Date Mailed)

Enclosures(s):

cc

CBS
51 West 52nd street
Nyc, NY 10019

EXHIBIT B
1/1

---

← I feel like I am in the movie cocoon...

**Marlene Baez**
May 3, 2012 at 11:23 AM · 🌐                    · · ·

I feel like I am in the movie cocoon. Leaving Florida now and the plane is full of cute old people 😊

↷ Share

○ 6



**Alex Mejia**
They must be serving a lot of soft foods on that flight.

7 yrs    More

**Sarah Amell- Mejia**
Florida for what? Visiting or work?

7 yrs    More



**Keri Tyson**
I knew those folks had to be somewhere around here. I guess they are all flying to NY 😊. It was so great hanging out with you at Perspectives. I hope to see you next year...same place, same time!

7 yrs    More

1



**From:** Patricia Grande <grandpatri@aol.com>
**Date:** January 12, 2019 at 7:24:16 PM EST
**To:** bradleystenson@yahoo.com
**Subject: Fwd:  Letter-Email To D. Curbeon From P. Grande.pdf**

Sent from my iPhone

Begin forwarded message:

> **From:** Patricia Grande <grandpatri@aol.com>
> **Date:** January 12, 2019 at 7:23:37 PM EST
> **To:** mbaez@cbs.com, RLevy@local798.net, paul@cabbad.com
> **Subject: Letter-Email To D. Curbeon From P. Grande.pdf**
>
> To all concerned
>
> I am resending this letter to be sure all of you have received this information, although it was originally sent a week ago.
> I have not received an email confirmation .
>
> Sincerely
> Patrícia Grande
> Dept Head Hair
> The Code Season 1
>
> Sent from my iPhone

1

EXHIBIT C
2/3

DECEMBER 10 , 2018

DEAR DAISY  AS  A FRIEND  I AM TRYING TO SAVE YOUR JOB,

AS OF FRIDAY 12/7 I RECEIVED A PHONE CALL AND ALSO AN E MAIL FROM
HUMAN RESOURCES  AT CBS IN L.A. . THEY SAID
' SOMETHING HAS COME TO THEIR ATTENTION' AND THEY WILL CALL ME ON
MONDAY 12/10 .

BEFORE PREP I ASKED YOU 'PLEASE DO NOT BRING IN EVERYTHING YOU OWN
FOR HAIR , TO OUR TRUCK. I STATED I DIDNT WANT TO BE OVERLOADED  WITH
PRODUCTS, EQUIPMENT ETC, YOU DETERMINEDLY SAID ' ILL BRING IN
EVERYTHING I NEED'

ON TH EFIRST DAY OF SHOOTING THE PRODUCER ASKED ME TO COME TO
SET TO DISCUSS LUKES HAIR.
YOU RAN ALONG WITH ME , UNINVITED.

ON THE FIRST DAY IN THE COURTROOM THERE WS A MOTHER AND DAUGHTER
UNEXPECTEDLY PUT INTO THE SCENE. AS THEY WERE ABOUT TO SHOOT 'YOU
RACED THE YOUNG GIRL UP TO HOLDING TO FLAT IRON HER HAIR. I SAID TO
YOU 'I WOULD NEVER DO THAT WHEN THEY ARE READY ON CAMERA 'YOU
SAID
BUT THE BLACK GIRLS HAIR IS FRIZZY 'I SAID I WOULD HAVE QUICKLY PUT HER
HAIR IN A PONYTAIL.

YOU HAVE REPEATEDLY BEEN READING THE PRE LIM BEFORE ME , INSTEAD
OF SAYING , 'GIVE THAT TO THE DEPT. HEAD.'

THE HAIRDRESSERS CHECK CAME TO THE WRONG ACCOUNTING ENVELOPE.
AFTER SPEAKING TO ACCOUNTING , I DECIDED TO SEE IF THE CHECK HAD THE
MAKE UP CODE , YOU TRIED TO GRAB IT OUT OF MY HAND TO INTERRUPT ME
OPENING IT .
A WEEK LATER YOU TOLD THE HAIRDRESSER I OPENED HER CHECK  AND
WERE RACING TO THE CAMPER WITH HER.

I ASKED YOU TO DIFFUSE THE LITTLE GIRLS HAIR BECAUSE IT WAS VERY
COLD OUTSIDE, YOU SAID' HER HAIR DRIES WITH A BEAUTIFUL WAVE, THATS
IRRELEVANT . YOU NEED TO FOLLOW DIRECTIONS AS YOU ARE NOT THE DEPT.
HEAD ON THIS JOB.

EXHIBIT C
3/3

THEN THE ACTRESS THE DAY PLAYER, YOU IGNORED THE CURLING IRON I HAD
USED AND PROCEEDED TO USE A COMPLETELY DIFFERENT IRON WHEN
MATCHING THE DAY , THUS CAUSING FRICTION BETWEEN DEPT HEAD AND
ACTOR.

THEN THERE ARE 3 INSTANCES OF BG CRYING DUE TO ROUGH TREATMENT
ON THE HAIR TO PRODUCE  A SIMPLE BUN ! ONE OF WHICH NEEDED ADVIL
FROM THE MEDIC.

ADDING TOPPIK TO HAIR WHEN I ASKED YOU SO MANY TIMES 'PLEASE I DONT
WANT THAT MUCH TOPPIK USED'
WHETHER ITS RAINING OR I PREFER SCALP SO THE ACTOR DOES NOT LOOK
LIKE A WIG IS BEING WORN.YOU CONTINUALLY PUFF UP THE TOPPIK AGAINST
WHAT I THE DEPT HEAD ASK FOR.


I HAVE OVERLOOKED ALL OF THIS,

BUT NOW I BELIEVE THIS SITUATION FROM CBS HUMAN RESOURCES IS DUE
TO THE FACT, BRADLEY HAS FILED A COMPLAINT AGAINST YOU .

1. YOU POKED HIM IN THE CHEST TWICE
2. YOU UNZIPPED HIS JACKET SAYING IT WAS HIS PANTS
3. YOU SAID HES PROTECTED BY THE GAY MAFIA
4. YOU TOOK YOUR MAKE UP ARTIST INTO THE DP MONITOR TELLING HIM TO
   CHECK SOMETHING.
5. AT THE PHOTO SHOOT YOU SAID' DONT FORGET OR WHAT ABOUT THE
   BROTHERS EYELIDS
6. YOU EMPHATICALLY TOLD BRADLEY HOW HE MUST HANDLE THE PHOTO
   SHOOT .
ITS TOO MUCH , AND CBS HAS  A ZERO  TOLERANCE POLICY.

EXHIBIT D
1/3

# CBS COMPLAINT FORM FOR REPORTING SEXUAL HARASSMENT

If you believe that you have been subject to sexual harassment, you are encouraged to complete this form and submit it to a member of the Human Resources Department, a CBS Compliance Officer or the CBS OpenLine (CBSOpenline@cbs.com). Once you submit this form, CBS will follow its Non-Discrimination and Anti-Harassment Complaint Procedure to investigate any claims.

You may also report an allegation of sexual harassment verbally or using any other reporting method outlined in CBS's Non-Discrimination and Anti-Harassment Policy.

**Complainant Information**

Name: Bradley Stenson

Job Title: Department Head Make Up Artist    Work Location: New York City NY

Work Phone: 9175538442    Work Email: bradleystenson@yahoo.com

Immediate Supervisor's Name: Paul Cabbad

Title: UPM    Work Phone: 917 282 9005

**Complaint Information**

1. Your complaint of sexual harassment is made against:

   Name: Kristin Kiyan    Job Title: Key Make Up Artist

   Work Location: New York City    Work Phone: 917 650 7436

   Relationship to You (circle one):    Supervisor  (Subordinate)  Co-worker  Other

2. Please describe the conduct or incident(s) that forms the basis of this complaint and how it is affecting you and your work. Please use additional sheets if necessary and attach any relevant documents or evidence.

3. Date(s) the conduct or incident occurred: Happened November 21st 2018
   Told December 6th 2018

4. Is the conduct or incident continuing? (circle one)    Yes    No

EXHIBIT D
2/3

On Thursday night (December 6th) Patricia Grande mentioned to me that Kristin Kiyani had said that her husband was there to "beat me up" — or something to that effect — on the day before thanksgiving. At the time, I thought this was just some locker-room type talk coming from Kristin and Daisy Curbeon as they do often talk — and Kristin can have this kind of tough language at times. I didn't believe that anything like this was actually true — or that I was in any danger at anytime. I thought this was a strange and out of the ordinary thing to hear — especially at work. Later that night I mentioned what I had heard to Kristin — almost as a joke in conversation and thought not too much of it after that. At the same time, I did think the whole idea was a little weird and must have thought it would be best to bring it up rather than not say anything at all.

EXHIBIT D
3/3

5. Please list the name(s) and contact information of any witnesses or individuals that may have information related to your complaint.

Patricia Grande   917 656-7794

Daisy Curbeon   347-248-8453

6. (Optional) Have you previously complained of or provided any information about sexual harassment at CBS? If yes, when and to whom did you complain or provide information?

N/A

I request that CBS investigate this complaint of sexual harassment utilizing the procedure as outlined in CBS's Non-Discrimination and Anti-Harassment Policy, and that CBS advise me of the results of the investigation.

Bradley Stenson
Name

Bradley Stenson
Signature

Date December 7th 2018

EXHIBIT E
1/1

**From:** Bradley Stenson <bradleystenson@yahoo.com>
**Date:** January 10, 2019 at 2:41:53 PM EST
**To:** mbaez@cbs.com
**Cc:** rlevy@local798.net
**Subject: URGENT**

Hi Marlene,
I tried contacting you earlier today by phone. Please call when best. Issues with Kristen Kiyan are continuing not in a positive manner.  This is now becoming a extreme hostile work environment.  I continue to maintain my professional style.  I am starting to feel uncomfortable being in my work environment, I feel discriminated against being the only male artist within the hair and make-up camper and fear retaliation. This information has been shared and discussed with you - (CBS Television's Human Resources) and "The Code" management team however the behavior continues even with more toxicity without any follow-up or resolution from anybody.  Please advise me.

Sincerely,
Bradley Stenson

917-553-8442

1



**From:** Patricia Grande <grandpatri@aol.com>
**Date:** January 10, 2019 at 7:12:01 PM EST
**To:** bradleystenson@yahoo.com
**Subject: Fwd: 1/10/2019**

I sent this to Marlene at 1151am

Sent from my iPhone

Begin forwarded message:

> **From:** Patricia Grande <grandpatri@aol.com>
> **Date:** January 10, 2019 at 11:51:14 AM EST
> **To:** mbaez@cbs.com, RLevy@local798.net
> **Subject: 1/10/2019**
>
> Dear Marlene
>
> It's been an awful time with
> The Keys since getting back.
>
> Just yesterday , I wrote to Carl Beverly and apologized for the turmoil as a result of
> hiring the wrong people as Keys.
>
> This morning Kristin started a fight with Bradley she was saying he has the wrong
> products and her products are better !very aggressive , giving him a hard time .
> I say " how dare her talk to Bradley like that "
> I overheard Kristin on the phone saying " do you want to hear some gossip ?"
> What is the mentality of this person.
>
> Daisy stripped down to a tank top yesterday and started dancing in circles in our truck (
> although it was around 40 degrees in Pearl River NY .
>
> Looks like chemical imbalance .
>
> Thanks for listening,
> Sincerely
> Patrícia Grande Dept Head Hair